**STATE ex BRIDGE, Plaintiff v. KREHBIEL, Judge, Defendant.**

Ohio Appeals, Second District, Montgomery County.

No. 1497. Decided April 20, 1938.

480

R. A. Argabright, Dayton, for Marc H. Bridge.
Jacobson & Durst, Dayton, for Franklin Krehbiel, as Judge.

## OPINION

BY THE COURT:

The last entry in this case overruled the demurrer to petition of the plaintiff and allowed five days for the defendant to plead, which time was afterwards extended.

The defendant as Judge of the Court of Common Pleas of Montgomery County has filed an answer praying that the relator's petition be dismissed at relator's costs.

To this answer the relator demurs for the reason that the facts set forth and admissions and denials contained do not constitute a defense to the facts set forth and allegations contained in the petition.

The Court has carefully read the answer and in connection therewith the lengthy opinion heretofore rendered, in considering the demurrer to plaintiff's petition. In that opinion the Court states:

"The original order made by the Judge of the Court of Common Pleas of Montgomery County enjoining the adminis-

trator from distributing the estate in his hands in compliance with the order of the Probate Court of Preble County, was an unauthorized exercise of jurisdiction and the Court is without power to punish for contempt one refusing to comply with such unauthorized order."

The answer consists largely of admissions which do not seem to meet the objection of the Court as expressed in its former opinion and as set out in the above quotation.

There is, however, the following allegations in the answer.

"Defendant denies that the plaintiffs in said action No. 87108 seek to recover money from the relator herein in his capacity only as administrator de bonis non with the will annexed of the estate of Isaac Kesling, deceased, but says that said petition asks for a recovery of money against the relator herein in his capacity as trustee, as well as in his capacity as such administrator."

Defendant further answering says:

"that he is informed that said funds so permitted to be levied upon as aforesaid were then and there being held by the relator herein not only as administrator aforesaid but also as trustee by virtue of a certain contract existing and then in force and effect."

The Court in its former opinion held:

"Jurisdiction will not be conferred in this case by the device of setting up certain causes of action over which the common pleas court has jurisdiction and making such allegations the basis for the issuing of orders seeking to control matters over which the court has no jurisdiction. The plaintiff can not give the court power to invade the exclusive jurisdiction of another court through the device of naming someone as an individual and as a trustee, whereas as a matter of fact, he was appointed, has acted, and now is an administrator de bonis non, appointed by the probate court of Preble County."

The question of trusteeship as distinguished from or in addition to the official capacity of administrator de bonis non had its origin in alleged fraud in reference to real estate in

Montgomery County. In the petition in this action, it is alleged that the plaintiffs in cause No. 87018 filed their suit in Common Pleas Court of Montgomery County on the 30th day of June, 1924, being case No. 54517, setting forth the same allegations of fraud with reference to the sale of the farm to Coleman which they now set forth in No. 87017.

In case No. 54517 a referee was appointed and made a report being Exhibit F attached to said petition in this case in which he reports "further that there was no evidence of fraud on the part of said defendant in relation to the sale of said farm."

The Court made an entry, Exhibit G, as follows:

Upon consideration of said report of the referee, it is adjudged that it be and the same is adopted and confirmed and the petition of the plaintiff be and the same is hereby dismissed."

This report and entry were made some ten years ago and apparently involve the same controversy asserted to have been settled by a contract, through which the trusteeship was established.

The demurrer to the answer searches the entire record, including the allegations of the petition. While the defendant herein makes the bald statement that the petition asks for recovery against the relator in his capacity as trustee, yet nowhere is there a denial of the former adjudication of this matter which seems to have terminated the controversy upon this point.

We do not believe that the allegation that the plaintiff's acts was enjoined, not only as administrator but as trustee, meets the objection of the Court as set out in its former opinion and we see no occasion to discuss the question further than has been done in such opinion.

Demurrer to the answer sustained.

Defendant given five days to further plead, if he desires to do so. If no such pleading is filed, judgment may be entered in accordance with our former opinion.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.